## ELISHA PERKINS, JUN., *versus* ELISHA PARKER.

A plea in bar that the defendant has had judgment against him as *trustee* in an action upon the statute of foreign attachment, is good; although no execution has issued on such judgment, and although it does not appear that the trustee has paid on the judgment any part of the sum he had in his hands as trustee. The law will protect the *equitable* interest of the assignee of a chose in action, but the assignment must be for an adequate consideration, and so appear by the pleadings. *Quære* whether such assignment must not be by deed, even though the thing assigned is evidenced by writing merely.

THIS was an action of *assumpsit* upon a note or memorandum in writing, by which the defendant promised to deliver to the plaintiff a certain number of *mules.*

The defendant pleaded in bar that after the time of making the note declared on, an action was brought by one *M. S.*, at the Court of Common Pleas, held at *Worcester*, on the Monday next preceding the first Tuesday of September, 1801, against the said *Perkins*, wherein the said *M. S.* declared against the said *Perkins*, (on a note dated July 17, 1794, for $300, made by said *Perkins*, payable to one *J. S.*, or his order, in April, then next, with interest, and endorsed by *J. S.* to the said *M. S.*, and which *Perkins* had not paid,) to the damage of the * said *M.* [ * 118 ] *S.*, as she in her declaration averred, the sum of 500 dollars; averment, that the said *M. S.*, in the writ by which her action was commenced, did further declare, in due form of law, that he, the said *Perkins*, had not in his own hands and possession goods and estate to the value of $500 which could be come at to be attached, but had intrusted to, and deposited in the hands of, *Elisha Parker*, (meaning the present defendant,) trustee of the said *Perkins*, goods, effects, and credits, to the said value; and the said *Parker* was accordingly, duly and legally, according to the form of the statute in such case made and provided, summoned, as trustee and factor of the said *Perkins*, to show cause, if any he, the said *Parker*, had, why execution should not issue against the goods, effects, and credits, of the said *Perkins* in his hands; and the same action being legally continued to the Court of Common Pleas, holden at said *Worcester*, on the Monday next preceding the fourth Tuesday of September, 1801, when the said *Parker*, pursuant to the summons served upon him as trustee of the said *Perkins* in manner aforesaid, appeared and submitted himself to an examination on oath before the same court in the same cause, and then and there in that form disclosed and confessed that he had given the said *Perkins* the same note of hand, by the said *Perkins* in this action

declared on, and that the contents thereof had never been paid, or the promise therein contained in any manner performed, released or discharged; that the same action was continued to the term of the same court, holden at *Worcester*, on the Monday next preceding the fourth Tuesday of March, 1802, when and where the said *Perkins* was called by said court to answer to the said *M. S.* on her said suit, but that he did not answer thereto, but made default; whereupon judgment was rendered by the same court [ * 119 ] that the said *M. S.* should recover against * the said *Perkins* the sum of 438 dollars, 50 cents, damages, and 12 dollars, 39 cents, costs of suit, and that the said *M. S.* should have execution therefor against the goods, effects, and credits, of the said *Perkins* in the hands and possession of the said *Parker*, his trustee, as aforesaid; all which, by the record of the process and judgment aforesaid, in the same Court of Common Pleas remaining, (an authenticated copy whereof is here in Court to be produced,) appears, which judgment yet remains in full force, unreversed, unsatisfied, and without being in any manner annulled; all which, &c. Wherefore he prays judgment, &c.                *Ja. Sullivan.*

The plaintiff replied, that prior to the suing out of the writ mentioned in said plea, in favor of the said *M. S.* against him, the said *Perkins*, and the service thereof on the said *Parker*, as trustee and factor of said *Perkins*, to wit, on the 29th May, 1800, at *T.*, in said county of *Bristol*, the note set forth in the plaintiff's declaration in this case, and the contents thereof were, by the said *Perkins. by a certain writing under his hand of that date, assigned and transferred to* Christopher Deane, *of* Plainfield, *in the county of* Windham, *in the state of* Connecticut, *for value received of the said* Deane, *and in and by said assignment, the said* Perkins *authorized and empowered the said* Deane, *in his own name, or in the name of said* Perkins, *to ask, demand, sue for, recover, and receive of the said* Parker, *the contents of said note for his, the said* Deane's, *own use ;* and that the said *Deane* afterwards, to wit, on the same day, at *T.* aforesaid, gave the said *Parker* notice of the assignment aforesaid, and requested him to pay the contents of said note to him, the said *Deane ;* and that the writ in this action was sued out by the said *Deane*, in the name of the said *Perkins*, by virtue of the assignment and power aforesaid, and that the present action is carried on [ * 120 ] *by the said *Deane* for his own use, by virtue thereof, all which, &c. Wherefore he prays judgment.
                                                                *N. Tillinghast.*

General demurrer and joinder.

The *Attorney-General*, (*Sullivan*,) for the defendant, said he did not conceive it to be necessary for him to open the demurrer.

*Tillinghast,* for the plaintiff, argued that the Court would protect, in the hands of the assignee, a chose in action which had been assigned, and cited the case of *Potter* vs. *Hatch,* (a) decided by this Court, in which the validity of such an assignment, made for a valuable consideration, with notice to the debtor, had been recognized. That the *English* authorities were clear upon this point.— 1 *T. Rep.* 619.—4 *T. Rep.* 341. (SEWALL, J. May it not be a question whether the writing here pleaded as an assignment can avail to that effect, it not being averred to be a writing under seal, and, therefore, not a power of attorney, or, in the sense of the law, an assignment?) *Tillinghast.* It is averred in the replication to be an assignment, and the demurrer confesses the averment to be true, that is, confesses that the note was assigned to *Deane* for a valuable consideration; and upon a *general demurrer* the Court will presume that the assignment was a regular and legal one. But if the replication is bad, so also is the plea; the defendant has not in his plea disclosed facts sufficient for his discharge in the present action. Although the *award* of execution, upon the foreign attachment pleaded, is set forth, yet he does not aver that the money or property for which he (*Parker*) was answerable has ever been *taken* out of his hands or paid over upon the execution or otherwise to *M. S.,* the judgment creditor in that action. It does not appear, nor is it averred, that an * execution has ever *issued* on .[ * 121 ] that judgment; it is, therefore, to be presumed that none has issued; nor is it perhaps too much to say that the Court ought to presume that *that* action was brought by collusion, merely to prevent the recovery by the plaintiff in the present action. By the *8th sect.* of the *act* which gives the process set out in the defendant's plea, it is obvious that the goods, effects, and credits, must be *taken,* otherwise the trustee is not discharged. For these reasons, he submitted that the plea was insufficient; and, therefore, it was of no consequence whether the replication be or be not defective.

The *Attorney-General,* in reply, said that the replication in this case differed essentially from the one in the case cited from 1 *T. Rep.* by the defendant's counsel; *there* the assignment is alleged to have been by *deed,* and the *full value* of the debt assigned is also alleged to have been paid and satisfied by the assignee; *here* no legal assignment is alleged, it not being by deed, and, therefore, no attorney has been made, which can be done only by deed; nor can the Court presume that the assignment was legal, because it appears by the replication itself that the writing, supposed to be an assign

(a) I have not been able to learn either *when* or *where* this case was decided.

ment, was not a deed; as to the demurrer's confessing an assignment, nothing is confessed by a demurrer but *facts*, and those facts well and sufficiently pleaded. The question *here* is, whether the replication shows a legal assignment, which it does not, for the reasons already given; besides, it is not alleged that the note was delivered over to *Deane*, or that the writing, which is called an assignment, was on the back of the note, the usual way of transferring notes, and the only way of transferring negotiable instruments; neither is there any averment of an adequate consideration paid, and the general allegation of " *value received* " is not a
[ * 122 ] sufficient consideration to create a * trust, without an averment of an adequate value actually paid, or understood between the parties, as a consideration.

As to the plea, he said that by the 1*st sect.* of the *trustee act*, as it is called, it is proved, that " the goods, effects, and credits of the principal in the hands and possession of the trustee at the time such writ was served on him, shall *stand bound and be held* to satisfy such judgment as the plaintiff shall recover against the principal;" the note now sued for may, therefore, be said to have been *taken*, by the service of the writ on *Parker*, the trustee in the action mentioned in the plea in bar; it was *taken* and is *held* by the service of *that* writ; it is still holden by the judgment in *that* action; if no execution has been or ever shall be sued out on *that* judgment, still so long as the judgment remains unsatisfied, the property is holden by the plaintiff in that action. Had the replication set forth that execution had issued on the judgment, and that *Perkins*, the judgment debtor, had satisfied the same, then, undoubtedly, no action would lie on that judgment against the trustee, and the note would have been no longer holden by it, as the creditor can have but one satisfaction. But as these pleadings are, it must be taken that the trustee is still liable on the judgment; and that any pretence of fraud or collusion ought to have been *replied as a fact*, and could not be *suggested* against the plea, which, if not contradicted, must be taken to be true.

THACHER, J., said he was of opinion that the plea in bar was good, and that the replication was not sufficient to avoid it, and, therefore, that the defendant was entitled to judgment.

SEWALL, J. The first question upon these pleadings may be, whether the defendant in his plea has stated sufficient facts to bar the plaintiff? And upon this question my opinion is,
[ * 123 ] that the plea, if * not denied or avoided, is in form a sufficient answer to the plaintiff's demand. The effects of a debtor are, by the unavoidable construction of the law of foreign attachments, and may be said in a legal sense to be, *taken* by

the service of the writ on the trustee. The abuses to which this construction may lead, are obvious, but these must be remedied by the legislature. Attachments of this kind might be limited in their effect to a certain period of time, or by the consequence of certain proceedings on the part of the plaintiff; but the statute has not made any limitation, and, whatever may be the mischief or danger of this defect, there is no power in this Court to afford an adequate remedy, or one suitable to the variety of cases and circumstances which may occur.

The second question is, whether the replication sufficiently avoids the plea. The effect of a lawful assignment upon a good and valuable consideration, creating an equitable interest in a note or demand, giving the assignee full power to collect it for his own use, after suitable notice to the debtor, I am not disposed to deny or question. The effect of such assignments has, to every equitable purpose, been recognized in this Court, and these decisions are fully warranted by the *English* authorities with which they have been compared. But the requisites of a lawful assignment are, as I think, a delivery of the evidence of the demand, with a deed of it, to the assignee, creating in him a full authority for the collection of it; and this must appear to have been made not merely upon a consideration expressing a *formal* value, but upon a good and *adequate* consideration. And it is essential that the nature and amount of this consideration should be *averred* and proved by the party claiming the aid of this Court to enforce it as an equitable right; especially when the interest of a third person, who is no party to the consideration * of the assignment, is to be [ * **124** ] affected by it. To compare the replication of the plaintiff in this case with these rules, I think it will be found substantially defective in each particular. The writing mentioned is not averred to be a deed. It has been urged that this is a defect in form only; that a writing without seal is as good evidence of a contract as an instrument under seal. But I apprehend that when the interest of a third person is to be affected, the requisite of a seal is not a mere formality. It ought to be recollected that a sealed instrument must be executed before witnesses, or at least one witness. By this means, its existence and the time when it commenced is capable of a direct proof; a proof to which the party affected in interest may resort, as well as the parties to the contract. A writing may be antedated, may not have existed until produced in court, and the proof of the hand-writing of the signature only will give it its validity, and the party affected in interest is without remedy against the fraud. But it is a sufficient ground for this objection that a power of attorney, a power to collect a debt, must be an instrument

under seal. (1)   In the case before us, there is no averment that the note assigned was delivered to the assignee; it does not appear, therefore, that he ever possessed the means of enforcing this demand, or that in the supposed notice to the promissor in the note, the supposed assignee could show him any power of discharging him upon the fulfilment of his promise.   But the other particular is in itself conclusive.   There is no averment of an *adequate* consideration; none is set forth; it is only said that it was for value received.   Now, an assignment is to be enforced in respect to the consideration, and the equitable interest of the assignee; and unless this appears, he discovers no equitable claim.   When, therefore, we must determine between him who pleads a legal discharge of [ * 125 ] * this demand, and him who claims under the creditor by virtue of a contract insufficiently executed, not existing with those forms of evidence which the law requires as a common security, the preference must be given to the claim which is formally complete against that which is informal and not capable of a legal proof.   For these reasons, I am of opinion that the replication is insufficient, and, therefore, that judgment must be for the defendant.

SEDGWICK, J.   I am aware of the inconveniences alluded to by my brother *Sewall*, arising from the defects of the *trustee law*, as to the limits and legal effect of attachments made under that law; and I concur with him as to the sufficiency of the plea in bar; I think that all which is necessary is set forth in the plea; I also concur in the *result* of his arguments upon the replication.   But I do not conceive that a *deed* was necessary to a valid assignment of the note in question.   I see no reason why an assignment by writing merely is not sufficient; why it is not as good in equity and equally entitled to the protection of the Court as though it had been made by an instrument under seal.   It seems to me that the instrument transferring need be of no higher nature than the instrument transferred. When there appears to have been an assignment made *bonâ fide* for an *adequate* consideration, however the assignment may be evidenced, it ought to be protected in the hands of the assignee.   The difficulty in this case arises from a defect in what I conceive to be the necessary requisites of an assignment which ought to be so protected.   The replication ought, in my opinion, to have shown, not only that the note was assigned, but also that it was delivered over to the assignee at the time, and that the full value of it was paid, or at least that an *adequate* consideration existed; so that the adverse

(1) It is now considered as settled, that though a seal is necessary in the assignment of a sealed instrument, yet that it is not necessary in the transfer of a promise in writing not under seal.—Per *Parker*, C. J., in *Wood* vs. *Partridge*, vol. xi. 491

party might confess * and refer the question of law to the [ * **126** ] decision of the Court, or have denied the fact, and put it to the jury. But all that is said in the replication is, that *"for value received* the note was assigned: " all this might have been done, and yet not more than a *single cent* have been paid as the consideration of the transfer; one cent would have satisfied the expression " for value received," as completely as a sum amounting to the contents of the note. This is too loose and uncertain to be entitled to the advantage contended for; and, therefore, the replication being insufficient, the defendant ought to have judgment.

STRONG, J. For the reasons which have been given, I am of opinion that the plea in bar is good. The question, therefore, is whether the replication sufficiently avoids the plea. I have no doubt that the law will protect the equitable interest of the assignee of a chose in action. But to create this equitable interest, the assignment ought to be made for a good and *adequate* consideration, such as money paid, or a precedent debt discharged, &c., and the instrument assigned delivered over to the assignee; and these several facts ought to be shown in the pleadings. But what is the case before the Court? The replication says, that " for value received the note was assigned." It is true that *" value received"* is *primâ facie* evidence of a valuable consideration. What is a valuable consideration ? A pepper-corn ; and for aught that appears, by the pleadings in this case, there was no greater consideration than *that* for the supposed assignment. Then, surely, the Court will not feel themselves bound to say that such an assignment is shown as is entitled to the protection of the law on the ground of an *equitable* interest in the assignee.

I am not, however, satisfied that a writing under seal is an essential requisite to such an assignment. * As the [ * **127** ] note is not an instrument under seal, it does not appear to me necessary that an instrument of a higher nature should have been executed in order to transfer and assign it. This is now my prevailing opinion ; though without more opportunity than I have had, since this case was argued, for the examination of authorities, I will not undertake to decide positively on that question ; nor is it necessary, as the Court are all of one opinion upon the other points in the cause. And, therefore, there must be

*Judgment for the defendant.* (1) (*a*)

(1) Vide post, vol. ii. 293, *Hatch & Al.* vs. *Brooks.*

(*a*) [Vide *Chitty on Bills,* pp. 8, 9, 8th *London* edition, and cases cited.—ED.]

The common practice of the country is to assign unnegotiable notes by simple endorsements on the back. This is considered as conveying sufficient authority to col lect the money of the promisor, and, also, as a guaranty of his performance of the contract.

There are at present very great difficulties with regard to the power of assigning choses in action, and to the degree of protection whith such assignments are to receive in courts of justice. It is, indeed, the constant language of the courts that they will protect the equitable interest of the assignee. A plea of release has been frequently avoided by a replication setting forth a prior assignment and notice. Still, however, in the case of *Bauerman & Al.* vs. *Radenius*, 7 *T. R.* 663, a letter from the plaintiffs to the defendant was admitted in evidence, although it appeared in the same letter that other persons were really interested in the suit, and had indemnified the plaintiffs in whose name the action was brought. It is true that the plaintiffs were agents of *Van Dyck & Co.*, the real parties in interest, but the decision was chiefly on the ground that the letter contained admissions *of the plaintiffs on the record.* *Lord Kenyon* declared it to be " an incontrovertible rule that the admission made by a plaintiff on the record is admissible evidence." It is said by *Grose*, J., in the same case, that the acknowledgment of *Bauerman* and *Radenius* **must** be *conclusive* upon *Van Dyck & Co. Lawrence*, J., seems to doubt whether a release from a plaintiff in ejectment, who is only a trustee for the lessor, would not defeat the action. See, also, *Craib & Ux.* vs *D'Æth, in notis, ib.*

It is very apparent that these difficulties must go far to prevent the real plaintiff from recovering upon the merits of the case. Even after judgment recovered and execution issued, the editor is unaware of any decision which would prevent the nominal plaintiff from granting to the defendant a release of the judgment and execution even in the hands of the sheriff. Perhaps this might be otherwise where the assignment was *averred* upon the record of the judgment.

No method has hitherto been devised of protecting the nominal plaintiff against costs, should judgment be rendered for the defendant. It may be said that this is a risk which he voluntarily incurs by his assignment, which is always accompanied by or implies a power of attorney to institute a suit in the name of the assignor. Still the defendant ought to have the security of the party for whose use the action is brought, and this is the more necessary, as the assignor is usually insolvent.

The Court in the case at bar are expressly of opinion that the assignment must be an *adequate* one, and so appear by the pleadings, i. e. " the nature and amount of the consideration must be *averred.*" Now, it might be that £25 would be an adequate consideration for the assignment of a claim of £100, if the assignor did not pledge his own credit. This, however, would not so appear by an averment of the real amount paid. Might a small sum be alleged in pleading to be an adequate consideration for the transfer of a large claim, and an issue be thereon taken to the country? Otherwise it would seem that unnegotiable securities and other demands could be sold only at their nominal value

In case a judgment for the plaintiff be reversed upon writ of error after execution satisfied, can the plaintiff in error have any remedy other than against the defendant in error upon the record?